UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re:

ADIRONDACKS PROTECTION SERVICES, LLC,
                        Debtor.

Case # 22-42927-NHL

**<u>Objections to Proposed Plan of Reorganization</u>**

       The creditor New York State Department of Labor ("DOL"), by its undersigned counsel, respectfully files the Objections stated below pursuant to the Apr. 27, 2023 Order Fixing Time for Submitting Acceptances or Rejections of Plan (Docket # 53), to the Debtor's proposed Plan of Reorganization dated May 18, 2023 (Docket # 55-1, hereinafter "Plan").

       The Plan as filed (filling in the blanks of Official Form 425A) lists three classes of claim: Class 1 (defined in the Official Form as claims entitled to priority under Bankruptcy Code § 507(a) other than administrative expense and priority tax claims) listing only Claim # 7 filed by the DOL (specifically, its Unemployment Insurance Division, hereinafter "UI") in the amount of $1,337.19; Class 3 (defined in the Official Form as non-priority unsecured claims), listing "nonpriority portion of tax claims and filed claims numbered 1-6 and 8 totaling $155,148.86;" and Class 4 consisting of equity interests. The Plan provides for administrative expense and priority tax claims to be paid in full during the 36-month term of the Plan, for Class 1 claims to be paid in full on the Plan's effective date, and for Class 3 claims to be paid approximately 6% of their claims over the term of the Plan. *See* Plan (Docket # 55-1), Arts. 2 and 4, pp. 2 and 3. The three-year financial projection (Docket # 55-3) shows that the Debtor expects to pay $16,380 in priority and tax payments and $9,755 to unsecured nonpriority claimants over the term of the Plan; no specific provision for payment of Class 1 claims is listed.

       The Court's Claims Register reflects the following claims:

1

| Cl. # | Date | Filed By | Amount | Priority | Unsecured |
|-------|------|----------|--------|----------|-----------|
| 1-3 | 2/2/23 | NYS Tax Dep't | $19,519.29 | $14,210.71 | $5,308.58 |
| 2 | 12/12/22 | DOL | $21,791.48 | | $21,791.48 |
| 3-2 | 2/16/23 | IRS | $1,099.03 | $830.19 | $268.84 |
| 4 | 1/30/23 | A. Holder | $23,027.26 | | $23,027.26 |
| 5 | 1/30/23 | A. Persaud | $25,925.27 | | $25,925.27 |
| 6 | 1/30/23 | R. Chotkoe | $21,845.63 | | $21,845.63 |
| 7 | 3/1/23 | DOL (UI) | $1,337.19 | $1,337.19 | |
| 8 | 4/20/23 | DOL | $73,835.00 | | |
| 9 | 5/16/23 | DOL | $73,835.00 | $15,150.00 | $58,685.00 |

According to the Claims Register (which does not explain the totals stated), the total amount claimed is $245,361.95 and the priority claimed is $31,528.09.

Claim # 9 filed by the DOL, as stated in the claim itself, amended the DOL's previous Claim # 8 for $73,835.00, to include "a wage priority to the maximum extent permitted by Bankruptcy Code Section 507(a)(4)," based on illegal underpayment of wages to Younas Khan of $23,282.50 from Apr. 27 to Aug. 31, 2022 and $13,635.00 from Oct. 9, 2021 to Oct. 7, 2022. Since § 507(a)(4) establishes a wage priority for "up to $15,150 for each individual… earned within 180 days before the filing of the [bankruptcy] petition," whose date was Nov. 20, 2022, the wage priority claimed was $15,150.00. As also stated in Claim # 9, while Claim # 8 was amended to include a priority claim for a portion of that claim's total $73,835,00 amount, "The separate Claim # 2, previously filed by the DOL in the amount of $21,791.48, also remains in effect and is not affected by the present filing."[1]

## Objections to Plan As Filed

1. The Committee Note to Official Form 425A makes clear that a plan using that form pursuant to subchapter V of chapter 11 also serves as a disclosure statement, but the Plan as filed is extremely unclear. The Plan should clarify the basis for its apparent assumptions that there are $16,380 in administrative expense and priority tax claims (which the financial projections state

---

[1] Claim # 2 stated that it was based on illegal underpayment of wages to five named employees (including $1,653.92 to Romano Chotkoe, who later filed Claim # 6) between Jan. 2, 2018 and July 2, 2021.

will be paid over 36 months) and non-priority unsecured claims totaling $155,148.86 (of which the Plan and financial projections indicate approximately 6% will be paid over 36 months), and should clarify when payments required by the Plan will be made. Although the Plan calls for the DOL's Class 1 claim (Claim # 7), and perhaps also the § 507(a)(4) wage priority portion of its Claim # 8 (as amended by Claim # 9), to be paid in full on the Plan's effective date, the § 507(a)(4) wage priority portion of Claim # 8 is not specifically acknowledged in the Plan, nor do the financial projections appear to make provision for either of these payments. In addition, while it appears the Plan's stated $155,148.56 figure for non-priority unsecured claims might be based on totaling the portions of claims ## 1-6 and 8 (with the amendment to claim # 8 made by claim # 9) for which no priority was claimed, that total appears to the DOL to be $156,852.06, no real explanation for the figure is provided in the Plan, and it is impossible to be sure of its basis especially since, as just stated, the wage priority portion of the DOL's claim is not specifically acknowledged..

2. If the Plan is not recognizing and providing for payment of the wage priority included in Claim # 8 as amended by Claim # 9 (as well as the Class 1 Claim # 7) – which as stated above, is not clear from the Plan – then it is objectionable for that reason.

Dated: June 19, 2023                              Respectfully submitted,

Karen Cacace                                      Office of the Attorney General
Chief of Labor Bureau                             28 Liberty Street
                                                  New York, New York 10005
Seth Kupferberg                                   (212) 416-8856
Section Chief, General Labor Section

                                                  By:

                                                  _____/s_____
                                                  Seth Kupferberg, Assistant Attorney General